CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

JUL 28 2008

JOHN F. CORCORAN, CLERK
BY: /s/ HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| United States of America,<br><br>                     *Plaintiff,*<br><br>v.<br><br>Louis Jordan Powell, Jr.,<br>                     *Defendant.* | CRIMINAL ACTION NO. 4:01cr70042-3<br><br>ORDER<br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on Defendant's motion to appoint counsel and to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706,[1] as amended by 711, to the United States Sentencing Guidelines. [Docket #76]. For the following reasons, Defendant's motion is denied.

Defendant was charged in five counts of an eight count indictment for violations of federal drug and gun laws. Specifically, Count One charged Defendant with conspiracy to distribute 50 grams or more of cocaine base; Count Two charged him with distribution of 50 grams or more of cocaine base; Count Three charged him with distribution of 5 grams or more of cocaine base; Count Four charged him with possession of a firearm in relation to a drug trafficking crime; and Count Five charged him with possession of a firearm after being convicted of a felony. On September 17, 2001, Defendant pled guilty to all five counts pursuant to a written plea agreement. The parties stipulated in the plea agreement that Defendant would be held accountable for more than 50 grams, but less

---

[1] The United States Sentencing Commission has amended the federal sentencing guidelines applicable to crack cocaine offenses. The Sentencing Commission has also decided, pursuant to its authority under 28 U.S.C. § 994(u), that effective March 3, 2008, the amendment will apply retroactively to offenders who were sentenced under prior versions of the Guidelines Manual and who are still incarcerated.

than 150 grams, of cocaine base in relevant conduct. The United States filed an information that same day to provide notice of its intent to seek an enhanced sentence under 21 U.S.C. §§ 841 and 851 because of Defendant's prior drug felony conviction.

The Court held a sentencing hearing on July 14, 2003, and found Defendant's base offense level to be 32 pursuant to U.S.S.G. § 2D1.1(c)(4) because he was responsible for more than 50 grams, but less than 150 grams, of cocaine base. The Court reduced Defendant's offense level by three levels pursuant to U.S.S.G. §§ 3E1.1(a) and (b) because he fully accepted responsibility, which resulted in a Total Offense Level of 29. The Court found his Criminal History Category to be V because he had 12 criminal history points; thus, his guideline range was 140 to 175 months of imprisonment. The Court determined that the mandatory statutory minimum term of imprisonment—the 20 year minimum term required by 21 U.S.C. § 841 because of Defendant's prior felony conviction—exceeded the maximum of the applicable guideline range, however, and found that the applicable guideline range was 240 months of incarceration as a result. See U.S.S.G. § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence."). As a result, the Court sentenced Defendant to 240 months of imprisonment on each of Counts One, Two, and Three, to run concurrently with each other, 60 months as to Count Four, to run consecutive to Counts One, Two, and Three, and 120 months as to Count 5, to run concurrent with Counts One, Two, and Three—a total of 300 months of imprisonment.

The United States asked the Court to reduce Defendant's sentence, however, because he had provided substantial assistance in the investigation and prosecution of other individuals. Accordingly, the Court reduced Defendant's sentence on November 19, 2003, to 90 months as to each of Counts One, Two, Three, and Five, with these counts to run concurrently with one another,

and 60 months as to Count Four, to run consecutively with Counts One, Two, Three, and Five. Thus, Defendant was sentenced to a total term of incarceration of 150 months.

Defendant asks the Court in his motion to modify his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706, as amended by Amendment 711 and Amendment 715, to the United States Sentencing Guidelines. Section 3582(c) of Title 18 permits the Court to modify an imposed term of imprisonment in limited circumstances, such as when the term of imprisonment was based on a guidelines range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Amendment 706 lowers the base offense levels applicable to crack cocaine offenses under U.S.S.G. § 2D1.1, but it does not apply to every defendant.

The applicable policy statement, U.S.S.G. § 1B1.10, provides that the Court shall determine the amended guideline range that would have been applicable to the defendant if the amendment had been in effect at the time the defendant was sentenced. U.S.S.G. § 1B1.10(b)(1). The Court is then authorized to reduce a sentence that has been lowered for substantial assistance consideration comparable to the reduction in the amended guideline range (*i.e.*, if the amended sentence was 20 percent below the minimum term of imprisonment provided by the original guideline range, then the Court may reduce the sentence up to 20 percent below the minimum term of imprisonment provided by the amended guideline range). Id. In this case, however, the amended guideline range remains 240 months because the bottom of the guideline range cannot be below the statutory minimum term of imprisonment set forth in 21 U.S.C. § 841(b)(1)(A). U.S.S.G. § 5G1.1(b). As a result, Amendment 706 has no effect on Defendant's sentence because the amended guideline range does not change and, therefore, the Court has no authority to reduce his sentence further. See U.S.S.G.§ 1B1.10(b)(2)(A) (prohibiting district court from reducing a defendant's sentence below the minimum of the amended guideline range); id., comment 1(A)(ii) (providing that a defendant

3

Case 4:01-cr-70042-NKM   Document 78   Filed 07/28/08   Page 3 of 4   Pageid#: 38

is not eligible for a reduction if the amendment does not lower the defendant's applicable guideline range because of a statutory provision, *e.g.*, a statutory mandatory minimum term of incarceration); see also United States v. Peters, 524 F.3d 905, 906 (8th Cir. 2008). Accordingly, it is hereby

ORDERED and ADJUDGED

that Defendant's motion for a reduction in sentence pursuant to 18 U.S.C.§ 3582(c)(2) and Amendment 706, as amended by Amendment 711, shall be and hereby is DENIED. [Docket #76]

In addition, Defendant has asked the Court to appoint counsel in this matter. It is well settled that "a criminal defendant has no right to counsel beyond his first appeal." Coleman v. Thompson, 501 U.S. 722, 756 (1991). While in some limited circumstances, due process mandates the appointment of counsel for certain post-conviction proceedings, a motion to reduce sentence pursuant to § 3582(c) does not fit into this category. See United States v. Legree, 205 F.3d 724, 730 (4th Cir. 2000). The Court finds no reason to appoint counsel in this case and, therefore, it is also ORDERED that Defendant's request for the appointment of counsel is hereby DENIED.

The Clerk of the Court is hereby directed to send a copy of this Order to Defendant and counsel of record for the United States.

It is so ORDERED.

Entered this 28th day of July, 2008

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

4

Case 4:01-cr-70042-NKM   Document 78   Filed 07/28/08   Page 4 of 4   Pageid#: 39